## VENUE AND SUMMONS IN AN ACTION FOR INJURY BY THE AUTOMOBILE OF A NON-RESIDENT.

Common Pleas Court of Hamilton County.

ELSIE STERN V. BIRDIE M. GIMBEL AND ELLIOTT GIMBEL, ETC.*

Decided, September 20, 1922.

*Motor Cars—Venue of Actions for Injuries—Where the Machine was being Operated by a Servant of a Non-resident—Necessary Allegations as to Residence and Ownership.*

1. The legislative purpose in the enactment of Section 6308, giving to one injured by an automobile recklessly driven by a non-resident the right to bring suit for the injury in the county of the plaintiff's residence, was to provide the injured person a remedy in the county of his residence, and the statute is equally applicable whether the machine was being driven by the owner personally or by an authorized agent.

2. But a motion lies to quash the service, where the petition fails to allege that the plaintiff is a resident of the county in which the suit is brought, or that the defendant was the owner of the automobile which caused the injury.

* Error not prosecuted.

*Cohen, Mack & Hurtig,* for plaintiff.
*Buchwalter, Headley & Smith,* for defendants.

MATTHEWS, J.

Two grounds are presented for quashing the service of summons. The first is that because this automobile was operated by an agent and not by the owner personally, Section 6308, General Code, has no application and that therefore service of summons can not be made outside of Hamilton county so as to give this court jurisdiction.

In the opinion of the court this ground is not valid. The Legislature must be presumed to have known when it chose the language of Section 6308, that in legal intendment the act of the servant or employee is the act of the master or employer. No declaration in the statute to that effect was necessary because that was then an existing rule of law of general application fixing civil responsibility. To preclude its application, language importing an express exclusion was necessary. The court does not find in Section 6308 any language indicating an intention to establish, for the purpose of limiting the field of

jurisdiction, a special rule different from that evolved by the ordinary methods of legal reasoning.

Furthermore this statute is remedial and must be given a liberal construction so that it will provide the intended remedy for the existing evil. The evil was that citizens in all sections of the state were being injured by automobiles recklessly driven by persons from remote sections of the state, and under the law then existing the injured person was obliged to go to the county of the residence of the person legally liable or trust to the chance of securing personal service in some other jurisdiction. The purpose was to give the injured person a remedy for the wrong in the county of his residence. This purpose applies equally to a case where the owner personally operates the automobile and where he authorizes an agent to operate it and the agent or servant in the scope of his employment takes the automobile into a county other than that of the residence of the owner and there negligently operates it to the injury of another. Where the owner is personally negligent the moral responsibility may be greater. However, the statute was not passed to prescribe a punishment of the owner. It was the intention to create a convenient tribunal in which the injured person might seek redress for the wrong. The damage to the injured person is the same whether the owner does it personally or through a lawfully authorized agent.

The second ground is that there is no allegation either that the plaintiff is a resident of Hamilton county or that the defendants were the owners of the automobile. These conditions must exist before service in another county can give the court jurisdiction. The general rule is that service within the county must be made, and in the opinion of the court where the jurisdiction of the court depends upon a special set of circumstances it is necessary that they appear of record.

My conclusion is that the motion to quash must be granted on the ground that the record does not show that plaintiff was a resident of Hamilton county, or that the defendants were the owners of the automobile at the time. This conclusion is reached from a consideration of the terms of the statute and the following cases: *Wilhelm & Son* v. *Parker*, 17 C. C., 234; *Little* v. *Linder Bros. Co.*, 23 N. P. (N.S.), 422; *Gorey* v. *Black*, 100 O. S., 73; *Dickey* v. *Dayton Globe Iron Wks. Co.*, 19 N. P. (N. S.), 492.